**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**MISC. NO. 1:04M63**

F I L E D
ASHEVILLE, N. C.

JUN 1 2 2006

U.S. DISTRICT COURT
W. DIST. OF N. C.

| | |
|---|---|
| IN RE:<br>    SEARCH WARRANT | ) )<br>)<br>) |
| EDWARD W. WAHLER, | ) |
|     Petitioner, | )<br>) |
|     Vs. | )<br>) |
| UNITED STATES OF AMERICA, | )<br>) |
|     Respondent. | )<br>) |

**MEMORANDUM AND ORDER**

**THIS MATTER** is before the Court on the Petitioner's motion for the suppression of a search warrant and for the return of property.[1]  Wahler has also filed a complaint requesting declaratory relief in the form of the same relief sought in the motion for the return of property.

_____

[1]The Government has construed the motion as one to suppress the evidence seized during the search.  A close reading of the Petitioner's motion, however, discloses that he seeks to quash the search warrant and obtain the return of the property seized. "[R]eturn of the property would not necessarily entail suppression [of evidence] for the purposes of further court proceedings." ***Richey v. Smith***, **515 F.2d 1239, 1245 (5th Cir. 1975).**

# I. PROCEDURAL HISTORY

On August 19, 2004, the Government moved for permission to file an application for a search warrant and an affidavit in support thereof under seal. The motion was granted on August 23, 2004, and the application and affidavit remain under seal. On August 19, 2004, the Magistrate Judge who sealed the matter granted the application and the search warrant issued for 1120 Cane Creek Road, Fletcher, North Carolina, 28732. This is a residence at which the Petitioner was residing at that time.

The search warrant was executed on August 24, 2004, by agents of the Federal Bureau of Investigation. The agents completed an inventory of 37 items which were seized during the search. Wahler was provided with a copy of the search warrant and the inventory on the same day that the search was executed. He was not provided with a copy of the application and the affidavit attached thereto, as they remain under seal.

# II. FACTUAL BACKGROUND

The sealed application for the search warrant has been reviewed by the Court. The allegations contained therein sufficiently recite the grounds necessary for the issuance of a warrant. **Fed. R. Crim. P. 41(c).** In short,

having reviewed the application and affidavit, the undersigned finds the application was procedurally correct and there was probable cause to issue the warrant. **Fed. R. Crim. P. 41(d), (e).** The Court also finds that the warrant was properly executed. **Fed. R. Crim. P. 41(f).**

## III.  STANDARD OF REVIEW

Federal Rule of Criminal Procedure 41 provides in pertinent part:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized.

**Fed. R. Crim. P. 41(g).** Here, no indictment has been returned against Wahler.

> Although Rule 41(g) is ordinarily used to seek return of property after an indictment issued, "district courts have the power to entertain motions to return property seized by the government when there are no criminal proceedings pending against the movant. These motions are treated as civil equitable proceedings, and, therefore, a district court must exercise 'caution and restraint' before assuming jurisdiction."

> "[B]efore a district court can reach the merits of a pre-indictment [Rule 41(g)] motion," the district court must consider whether; (1) "the Government displayed a callous disregard for the constitutional rights of the movant"; (2) "the movant has an individual interest in and need for the property he wants returned"; (3) "the movant would be irreparably injured by denying return of the property"; and (4) "the movant has an

> adequate remedy at law for the redress of his grievance." If the
> "balance of equities tilts in favor of reaching the merits" of the
> Rule 41(g) motion, the district court should exercise its
> equitable jurisdiction to entertain the motion.

*United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005) (quoting

*Ramsden v. United States*, 2 F.3d 322, 324-25 (9th Cir. 2005)) (other

citations omitted). Thus, while this Court has the inherent authority to

entertain this matter, "this unique power . . . should be exercised with

caution and restraint, and subject to equitable principles." *United States*

*v. Search of Law Office, Residence, and Storage Unit Alan Brown*, 341

F.3d 404, 409 (5th Cir. 2003) (quotation and citations omitted).


## IV. DISCUSSION

In support of the motion, Wahler has filed a 30 page brief which

attacks jurisdiction of this Court because he is not a citizen of the United

States, having declined to become a part of the "New Deal" and having

severed his legal relations with the United States. "The 'New Deal' and

case law thereafter gave Congress territorial and extra territorial (special

law) jurisdiction over U.S. citizens by contract. Among those . . . 'New

Deal' concepts are the Tax Laws, Banking Authority, money concepts that

allow debt to be 'income,' which were implemented by the 'United States,'

a federal corporation[.]" **Petitioner's Motion to Suppress and Brief in Support, filed March 31, 2006, at 3.** And, since Wahler did not "cede his home and property to the United States," it had no jurisdiction over him, no jurisdiction over his conduct and no jurisdiction to issue a search warrant. *Id.*, **at 6.** Indeed, he argues that the United States has the burden of showing first that it has jurisdiction, that is, that it owns the property in question or the State of North Carolina ceded jurisdiction. *Id.*, **at 7.**

The Court declines to enter this arena with the Petitioner. For some years now, individuals like the Petitioner have raised the same arguments before the Court, attacking federal jurisdiction, claiming the wrong flag is displayed in the court room, and espousing militia and patriot type verbiage which has neither legal nor rational meaning. Suffice it to say that the Government through the United States Department of Justice has jurisdiction to prosecute federal offenses and this Court has original jurisdiction over all such offenses. The issue in this motion is whether the Court should exercise equitable jurisdiction to intercede in this pre-indictment matter.

The Court has concluded that the application and affidavit for the search warrant were sufficient and supported by probable cause.[2] And, the warrant was executed properly. Thus, there has not been a callous disregard for Wahler's constitutional rights in the obtaining and execution of the warrant.

Wahler claims that holding the property for an 18-month period violates his due process rights.[3] The retention of seized items during an ongoing investigation is reasonable. *In re Search of Office of Tylman*, 245 F.3d 978, 980 (7th Cir. 2001); *United States v. Carter*, 859 F. Supp. 202 (E.D. Va. 1994), *aff'd*, 139 F.3d 424 (4th Cir. 1998); *Davis v. Gracey*, 111 F.3d 1472, 1477 (10th Cir. 1997); *Matter of Search of Kitty's East*, 905 F.2d 1367, 1375 n.8 (10th Cir. 1990). Nor has Wahler shown irreparable harm. The United States has advised that repeated attempts have been made to provide Wahler with access to documents for copying.

---

[2]Because the application and the affidavit in support thereof remain under seal, the Court will not recite for the record the facts and legal contents of those documents on which this conclusion is based.

[3]Wahler's argument that he has constitutional rights which have been violated is, at the least, inconsistent with his claim that he has renounced his citizenship. On the one hand, Wahler claims that he is not a citizen of the United States and, therefore, cannot be investigated. On the other, he claims such an investigation violates his constitutional rights as a citizen.

*See, Search of Law Office, Residence, etc., supra*; *Labor Force Partners, Ltd. v. United States*, 2006 WL 1328262, **3-4 (E.D. Cal. 2006).** It has agreed to return other items, including computer components. *Id.* Wahler has refused to take advantage of these proffers, most likely intentionally so. *Id.* Thus, while Wahler may have an individual interest in and need for certain items seized, he has refused to avail himself of the opportunity to obtain the return of either the actual property or copies of documents. *Id.* Thus, he has not shown irreparable harm.

Finally, Wahler has an adequate remedy at law.

> [I]f formal criminal proceedings are instituted, [he] will have the opportunity to challenge the legality of the search warrant[] and seizure[] in those proceedings. That is the ordinary course of a Rule 41(g) motion, as once a criminal case is initiated, the court's jurisdiction to entertain the motion is not an issue. Or, upon the conclusion of the criminal investigation, if no charges are brought, . . . the seized property will be returned[.] Therefore, [Wahler has] an adequate remedy at law.

*Id.,* at **4 (citations omitted).** Moreover, in the event the property were not returned at the conclusion thereof, the Petitioner would then have legal recourse.

The Court finds, on balance, that the equities do not support the exercise of equitable jurisdiction over this pre-indictment motion for the return of property. Since the complaint for declaratory judgment is based

on the same grounds, the Court will not exercise equitable jurisdiction over that declaratory judgment action, assuming *arguendo* that Wahler has stated a cause of action.

## V.  ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion is hereby **DENIED**.

**IT IS FURTHER ORDERED** that declaratory judgment complaint is hereby **DISMISSED**.

Signed: June 12, 2006

Lacy H. Thornburg
United States District Judge